

FILED

FEB 09 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| ANTHONY L. EVANS, ) | CV 10-00049-H-DWM-RKS |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MIKE MAHONEY, et al, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Anthony Evans, a state prisoner proceeding pro se, brought this action under 42 U.S.C. § 1983, alleging an assortment of First Amendment and other claims against numerous defendants. United States Magistrate Judge Keith Strong entered Findings and Recommendations in this case on December 22, 2010. Judge Strong recommended Evans be granted leave to amend his complaint as to the First Amendment claim against Warden Mahoney, but the other claims

should be dismissed. Judge Strong also recommended a strike be assigned to Evans under the 3 strikes provision of 28 U.S.C. § 1915(g). Evans did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court reviews the Findings and Recommendations for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

I agree with Judge Strong's substantive recommendations but disagree that a strike should be issued here. A strike is appropriate when a prisoner's "action . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g) (emphasis added). That means a prisoner only deserves a strike if his "case as a whole" is dismissed on such grounds. See Andrews v. Cervantes 493 F.3d 1047, 1054 (9th Cir. 2007) ("We have already determined that one use of the term action in § 1915(g) refers to a case as a whole rather than just its individual claims."). Here, Judge Strong recommends, and I agree, that Evans' action should not be dismissed in full. Accordingly, a strike is not warranted.

IT IS HEREBY ORDERED that Judge Strong's Findings and

Recommendations (dkt #7) are adopted minus the recommendation that Evans be assigned a strike under 28 U.S.C. § 1915(g).

In accordance with Judge Strong's recommendations, IT IS ORDERED that on or before March 11, 2011, Evans may AMEND his complaint as to his First Amendment claim against Warden Mahoney. The Clerk of Court is directed to provide Evans a form for filing an amended complaint.

IT IS FURTHER ORDERED that

1. Evans' First Amendment claim against Defendant Redfern is DISMISSED;

2. Evans' racial discrimination claim against Defendant Dramstad is DISMISSED;

3. Evans' racial discrimination claim against Defendant Footit is DISMISSED;

4. Evans' First Amendment claim against Defendant Mihelich is DISMISSED;

5. Evans' First Amendment retaliation claim against Defendant Dramstad is DISMISSED;

6. Evans' First Amendment retaliation claim against Defendant Steyh is

DISMISSED;

7. Evans' Freedom of Information Act claims against Defendants Steyh and Gergott are DISMISSED;

8. Evans' First and Fourteenth Amendment claims against Defendants Tilleman, Kountz and the Montana Human Rights Bureau are DISMISSED; and

9. Evans' First and Fourteenth Amendment claims against Defendants Ferriter and Ambrose are DISMISSED.

Dated this 9th day of February, 2011.

Donald W. Molloy, District Judge
United States District Court